## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Julie Broschart,**
**Plaintiff Below, Petitioner**

**vs) No. 11-1569** (Randolph County 11-C-38)

**West Virginia Dept. of Health & Human Resources,**
**Defendant Below, Respondent**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Julie Broschart's appeal, by counsel Erika Klie Kolenich, arises from the Circuit Court of Randolph County's order, entered October 19, 2011, granting respondent's motion to dismiss. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Molly Underwood Poe, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 25, 2010, petitioner was terminated from her position as a child services worker with respondent, where she had worked since April 1, 2010, because petitioner permitted a minor under her care to use petitioner's cellular telephone to contact an adult in another state with photographs and conversation of a sexual nature. On March 28, 2011, petitioner filed her complaint in the instant action, alleging damages for the tort of outrage, constructive discharge, violations of the employee handbook or manual, and a whistleblower claim. Petitioner alleged that she was terminated as punishment for previously informing her superiors of other employees not following internal procedures. Each of the causes of action relate to her termination based on her alleged reports of wrongdoing within the organization.

On May 31, 2011, respondent moved to dismiss the case as being barred by West Virginia Code § 6C-1-4(a), which requires a whistleblower action be brought within 180 days of the underlying claim, and that the latest petitioner could have brought the suit was March 24, 2011. Petitioner responded to respondent's motion to dismiss that the existence of material facts to be proven necessitates a jury making findings of fact. Respondent replied that each of the actions was based on the same factual and legal basis, namely that petitioner was being punished for whistleblowing activities, and that therefore the action was a whistleblowing action subject to the 180-day statute of limitations found in West Virginia Code § 6C-1-4(a).

1

On appeal, petitioner argues that a whistleblower law is not an exclusive remedy, but is intended to give an additional remedy under law for whistleblowers. Respondent argues that petitioner reads the circuit court's holding too broadly, and that West Virginia Code § 6C-1-1, *et seq.*, provides an exclusive remedy only when employees are wrongfully discharged for engaging in whistleblowing activities, not for all wrongful discharges. Petitioner further argues that the circuit court erred in its application of the discovery rule because a question of fact exists as to when petitioner's constructive discharge occurred, as well as applying the 180 day statute of limitation to the tort of outrage, constructive discharge, and violations of employee manuals claims. Respondent argues that the 180 day statute of limitation applies due to the underlying factual basis and that petitioner is being disingenuous in arguing that her constructive discharge could have occurred any time after her last day of employment. Petitioner further argues that the court erred in relying on any documents other than her complaint when considering the motion to dismiss. Respondent argues that the circuit court can consider "documents referred to in the complaint and relied upon by plaintiffs in bringing their action." Finally, respondent argues a cross-assignment of error that the circuit court had no jurisdiction because petitioner had not submitted grievances pursuant to West Virginia Code § 6C-2-1, *et seq.*, which, respondent argues, requires exhausting an administrative remedy when the administrative authority is given regulatory authority. Petitioner replies that exhaustion is not a jurisdictional doctrine but a matter of comity at the discretion of the trial court, that this Court, in *Collins v. Elkay Mining Co.*, 179 W. Va. 549, 371 S.E.2d 46 (1988), permitted a common law claim even when the plaintiff had not exhausted administrative remedies, and that the remedies under the grievance procedures are inadequate to remedy the damages alleged.

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his petition for appeal. This Court has previously held that we consider a circuit court's order granting a motion to dismiss under a de novo standard of review. Syl. Pt. 2, State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc., 194 W.Va. 770, 461 S.E.2d 516 (1995). Petitioner has not shown that the factual findings here were anything other than a whistleblower action, therefore the 180-day statute of limitations applies. Finding no error in the circuit court order dismissing petitioner's claims, we affirm.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II